IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Rebecca S. Holbrook, | Case No. 3:10 CV 1927 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

## INTRODUCTION

In a previous Order (Doc. No. 20), this Court adopted the Report and Recommendation ("R&R") of the Magistrate Judge and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Specifically, the Court remanded this case so that the ALJ can reevaluate and clarify his assessment of Plaintiff's credibility in light of the evaluations of Plaintiff's treating physician.

The matter is now before this Court on Plaintiff's Application for Attorney Fees (Doc. No. 22). Plaintiff seeks an award of $5,007.95 in attorney fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)–(d). Defendant filed a Response, urging this Court to deny Plaintiff's request because the Commissioner's position was substantially justified (Doc No. 25). This Court has jurisdiction over the action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## DISCUSSION

The EAJA provides for payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified or special

circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A)[1]; *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004). Here, Defendant does not contest Plaintiff was a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993) (holding a sentence-four remand "terminates the litigation with victory for the plaintiff"). The only dispute is whether the Commissioner's decision to defend the ALJ's decision to deny benefits was substantially justified.

Under the EAJA, a position is "substantially justified" when it has a reasonable basis in law and fact. *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). In other words, it must be "justified to a degree that could satisfy a reasonable person." *Howard*, 376 F.3d at 554 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Both the underlying agency decision denying disability, and the agency's position in court, must be substantially justified. *Delta Eng'g v. United States*, 41 F.3d 259, 262 (6th Cir. 1994). While the burden of establishing substantial justification is on Defendant, there is no presumption that Defendant's position was not substantially justified simply because it lost the case. *Scarborough v. Principi*, 541 U.S. 401, 414-415 (2004).

Moreover, an "articulation error" does not justify the recovery of attorney fees. *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008) (citing *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244, 1999 WL 1045069, at *3 (6th Cir. 1999) (unpublished table case)). In *Olive*, the plaintiff requested attorney fees under the EAJA after the court remanded the case to the Commissioner for "a more thorough credibility analysis of Plaintiff's testimony." *Id.* The court noted there was evidence in the record that might have supported the ALJ's decision, but the ALJ failed to

---

[1] "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

explain the credibility decision with sufficient specificity. *Id.* at 758-59. The court held this mere "articulation error" did not mean the agency's position was not substantially justified. *Id.* at 760.

Like *Olive*, Plaintiff argues "the underlying denial of disability was not substantially justified" because the ALJ did not articulate "sufficient reasons to justify the weight he gave to Plaintiff's subjective statements of her symptoms and limitations" (Doc. No. 22 at 3). In other words, remand was "necessary so that the ALJ may reevaluate and clarify his assessment of Plaintiff's credibility in light of Dr. Prok's evaluations" (Doc. No. 18 at 25). However, the issue when considering an award of attorney fees to a prevailing party under the EAJA is "not whether the ALJ gave adequate articulation for his findings." *Olive*, 534 F. Supp. 2d at 760 (quoting *Anderson*, 1999 WL 1045069, at \*4). Rather, the issue is whether "the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Id.*

In this case, the ALJ discussed all the relevant factors in 20 C.F.R. 404.1529(c) and 416.929(c), but ultimately concluded Plaintiff's impairments did not preclude her from performing sedentary work (Doc. No. 12-2 at 17). The ALJ thoroughly explained the reasons for his conclusion, noting: Plaintiff's last physical examination of record indicated only "mild diffuse tenderness and no evidence of severe motor or sensory abnormalities;" Plaintiff's last lumbar spine CT revealed "a solid, well-remodeled fusion" with no evidence "or any sort of transitional syndrome, fibrous scar mass or other structural pathology;" and Plaintiff's treatment since her surgery has been "conservative and suggests that [her] symptomatology was sufficiently controlled with narcotic medications and injections" (Doc. No. 12-2 at 18). The ALJ also found Plaintiff's statements regarding the extent to which her symptoms cause limitations were not credible because Plaintiff did not require a cane or walker to walk; did not require further surgery; did not suffer true radicular-type pain; and did not

3

suffer a severely diminished range of motion in her upper or lower extremities, guarding, or positive leg raises (Doc. No. 12-2 at 18).

Therefore, even if the ALJ did not reconcile all conflicts between his findings and Dr. Prok's evaluations, his ultimate conclusion that Plaintiff's impairments did not preclude her from performing sedentary work is supported by a generally careful and record-based analysis. The ALJ did fail to adequately articulate one important component of his decision -- namely, his rejection of Dr. Prok's opinion. This failure does not mean the ALJ's overall analysis was not substantially justified under the EAJA -- it merely means a remand is appropriate.

## CONCLUSION

A reversal of the denial of benefits and a remand for further clarification does not automatically mean the Commissioner's decision to defend the ALJ's conclusion was unreasonable. As explained above, the ALJ's ultimate decision that Plaintiff's impairments do not preclude her from performing sedentary work had a reasonable basis in law and fact. Accordingly, Defendant's position was "substantially justified" and fees under the EAJA are not warranted. The Application for Attorney Fees is denied.

IT IS SO ORDERED.

                                            s/ *Jack Zouhary*
                                            JACK ZOUHARY
                                            U. S. DISTRICT JUDGE

                                            December 19, 2011